**STATE of Missouri, Plaintiff-Respondent.**

**v.**

**Herbert ARMSTRONG, Jr., Defendant.**

**Appeal of Calvin MERCER (Surety), Appellant.**

**No. 40284.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 19, 1978.

Lee, O'Hanlon & Brady, R. J. O'Hanlon, St. Louis, for defendant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

This appeal arises out of a $20,000 bail bond forfeiture proceeding in which judg-

ment of forfeiture was obtained against appellant Calvin Mercer as surety for the court appearance of Herbert Armstrong, Jr. Armstrong had been granted bond on a felony charge and failed to appear for court proceedings.

After bond forfeiture was declared, hearing was held on the State's motion for judgment on the forfeiture. At that proceeding, the prosecutor requested the trial court to take judicial notice of the court file which contained a photostatic copy of the bond. Appellant's counsel specifically objected to reference to the photostatic copy as not being the best evidence. The objection was overruled with the prosecutor disdaining the opportunity to utilize the original bond, presumably kept in the clerk's office pursuant to Rule 32.10(d) and relying, instead on the photostatic copy.

Appellant has appealed, alleging error in the trial court's taking judicial notice of the photostatic copy of the bond as a violation of the best evidence rule. We believe appellant's complaint is meritorious and reverse and remand.

As stated in *Yeager v. Wittels,* 517 S.W.2d 457, 466 (Mo.App.1974): "Under the 'best evidence' rule, the original document must be produced to prove the terms of a *writing* unless it is shown to be unavailable for reason other than the fault of the party seeking to prove the same." (original emphasis) Further, "[i]n order to be admissible in evidence a public 'record or document must be produced from or in the proper custody, and its identity, authenticity, and genuineness must be established.'" *Cole v. Bumiller,* 549 S.W.2d 95, 97 (Mo. App.1976), quoting from *Dyer v. Globe-Democrat Publishing Co.,* 378 S.W.2d 570 (Mo.1964). The *Dyer* case involved an aborted effort to have some photostatic documents placed in evidence.

Finally, this court has specifically held that absent agreement of the parties, a

duplicated or photostatic copy of a document is not properly admissible in evidence. *Layman v. Southwestern Bell Tel. Co.,* 554 S.W.2d 477 (Mo.App.1977).

Here, there has been no showing of the unavailability of the original bond. In fact, respondent in its brief argues that it now lays where it has been all along—snug in the protection of the clerk's office pursuant to rule 32.10(d). But the bond was never produced, and by reason of *Layman,* the photostatic copy of the bond is inadmissible without agreement of the parties and cannot form the basis of a valid judgment. There was no such agreement here, and appellant's attorney's timely and specific objection was well taken.[1]

Judgment reversed and remanded.

REINHARD, P. J., and CLEMENS, J., concur.

---

1. Inasmuch as Missouri has no statute allowing machine copies of documents to be treated as originals, the result here treating the bond as secondary evidence is congruent with McCormick on Evidence § 236 (2d ed. 1972).