**STATE of Missouri, Plaintiff-Respondent,**

v.

**William SELTZER, Defendant-Appellant.**

No. 43924.

Missouri Court of Appeals, Eastern District, Division Four.

June 7, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

---

J. Justin Meehan, Kenneth R. Singer, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Kelly Klopfenstein, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

William Seltzer, the appellant was convicted by a jury in the Circuit Court for the City of St. Louis of Assault in the First Degree, § 565.050 RSMo. 1978,[1] and was sentenced to twenty five years in the custody of the Missouri Department of Corrections after a finding by the trial court that he was a persistent offender. § 558.016.-4(1). He appealed and we affirm.

The prosecution has its genesis in the shooting of one Claiborne Jones in the 4000 block of McRee Street in the City of St. Louis at approximately 8:30 p.m. on August 9, 1979. According to the State's evidence Jones and two friends, Charles Finley and James Strawder had been standing on the sidewalk at the location mentioned hereinabove when appellant approached them, holding a pistol in each hand. Appellant told Jones not to run, and asked him why he, Jones, had his brother looking for appellant. Jones, at this point, tripped over the street curbing and fell down. As he was getting up appellant shot him in the lower back. Immediately after the shooting appellant left the scene. Charles Finley also

1. All statutory citations are to RSMo.1978.

departed hurriedly from the scene but James Strawder remained on the scene and assisted Jones across the street and remained with him until the police and an ambulance arrived at the scene. The following day, August 10, 1979, appellant learned that the police were looking for him so he contacted them and turned himself in.

Appellant denied shooting Jones in his trial testimony, and testified that he had been at his sister's house at the time of the shooting, where he'd remained until his wife arrived there shortly after midnight.

Appellant presents three Points which he contends entitles him to a reversal of his conviction and a remand to the trial court for a new trial.

His initial Point Relied On is actually three Points, all dependent upon what he contends was the perjured testimony of the complaining witness Claiborne Jones that he saw appellant shoot him. Because of this allegedly perjurious testimony he postulates that the trial court erred, (1) in overruling his pro se motion to hold Jones in contempt of court, (2) in failing to declare a mistrial at the close of the State's case, and (3) in denying appellant a new trial on the ground his conviction was based on Jones' false testimony.

Appellant's contention in the trial court was that because Jones, during the taking of his deposition on April 3, 1980, testified that he did not see appellant shoot him but that Strawder told him it was appellant who shot him, Jones' testimony at a prior trial[2] that appellant shot him was perjurious; and he moved orally that his testimony at this trial should be barred for that reason. After the trial court indicated that he thought the discrepancies between the deposition testimony of Jones were a matter for the jury, appellant's counsel then moved the trial court to hold Jones in contempt and this motion also was denied.

■ While new trials based upon charges of perjury are not to be granted lightly,

*Tyler v. State,* 501 S.W.2d 189, 190[1] (Mo. App.1973); however, where it appears from competent and satisfactory evidence that a witness for the prosecution has deliberately perjured himself and that without his testimony the accused would not have been convicted, a new trial must be granted. *State v. Harris,* 428 S.W.2d 497, 500[1] (Mo.1968). This is so because a conviction resting upon perjured testimony would be the antithesis of a conviction evolving from a fair trial. *State v. Gant,* 586 S.W.2d 755, 763[12, 13] (Mo.App.1979). Where it appears from competent and satisfactory evidence that a witness for the prosecution has deliberately perjured himself and that without his testimony an accused would not have been convicted, a new trial must be granted. *State v. Harris,* supra, l.c. 500.

■ However, the mere showing that a witness on a prior occasion made statements in a deposition contradictory of his testimony at trial is not sufficient to establish perjury in the absence of other evidence proving or pretending to prove that previous statements were true. *Loveless v. Locke,* 313 S.W.2d 24, 31 [6] (Mo.1958), *State v. Lee,* 617 S.W.2d 398, 403 [6] (Mo. 1981). Such inconsistencies go only to credibility of the witness and do not destroy said witness's trial testimony. *Loveless v. Locke,* supra, l.c. 31 [4].

Furthermore, Jones' testimony that appellant shot him was corroborated by Finley and Strawder, both of whom witnessed the shooting.

■ We find no error meriting a new trial on any of the grounds presented under this Point and so rule.

■ Appellant further contends that he is entitled to a new trial because the trial court erred in overruling his objection to the Assistant Circuit Attorney arguing to the jury the fact that appellant's wife had not testified in support of his alibi. This line of argument he contends violated § 546.270 and Rule 27.05(a), both of which

---

**2.** From discussions conducted following empanelling of the jury but out of the jury's hearing we discern that there had been a prior trial wherein a verdict of guilty was set aside and a mistrial declared when one juror, during the polling of the jury denied the verdict was hers.

proscribe any reference to the failure of the defendant or his spouse to testify on the trial in the case.

The problem with this Point is that it was not preserved for review. The objection at the time was that "the state is attempting to put the burden of proof on the defendant when, in fact, the state retains the burden." On appeal, for the first time, appellant raised this ground for reversal of his conviction and remand for a new trial. This grounds came too late. Rule 29.11(d) V.A. M.R.; *State v. Gibson,* 633 S.W.2d 101, 107 [5] (Mo.App.1982).

■ Nor do we conclude that this action of the trial court constituted "plain error" under Rule 30.20 V.A.M.R. Alleged errors during closing argument do not justify relief unless they can be said to have had a decisive effect on the jury. *State v. Murphy,* 592 S.W.2d 727, 733 [16] (Mo. banc 1980).

Appellant's defense was alibi; that he was at his sister's house at the time Jones was shot and that he did not leave until after midnight when his wife returned from the skating rink. The Assistant Circuit Attorney argued:

> "The defense is that Mr. Seltzer was not there that evening. It's alibi, based on his testimony. It's alibi, he wasn't there. He was at his sister's house. His sister is sitting here in the courtroom. He's with his wife, his sister, brother-in-law, nephews, mother, little nephews. They're all here. They saw Billy, but you didn't see them. You didn't see them in here."

This is just another example of how close prosecutors in their zeal to obtain convictions, will come to prejudicial argument be-

cause of the latitude appellate courts have given them so long as they do not make a "direct reference" to the failure of a defendant or his spouse to testify in a criminal prosecution.

However, we are not convinced this episode constitutes "plain error." It was clear from the testimony of the appellant that his wife was not at his sister's house at the time of the shooting nor for several hours thereafter and her testimony according to the appellant's evidence could not have corroborated his defense of alibi even had she testified. The jury, having heard the evidence, must have been aware of the fact that her testimony could have been of no assistance to appellant in his alibi defense. Under these circumstances we find no miscarriage of justice or manifest injustice occasioned by the trial court's ruling.

Appellant's final Point is a challenge to the procedure whereby the Grand Jury for the City of St. Louis which indicted him was selected. This Point has been decided adversely to appellant by *State v. Baker,* 636 S.W.2d 902, 907–910 [11, 12, 13, 14, and 15] (Mo. banc 1982) and *State v. Payne,* 639 S.W.2d 597, 598 (Mo. banc 1982). We rule this Point against appellant.

Judgment is affirmed.[3]

PUDLOWSKI, P.J., and SNYDER, J., concur.

---

**3.** At oral argument appellant was granted leave to file a supplemental brief for the purposes of broadening his first Point Relied On to include alleged error in the admission of the testimony of Lucille Jones and Officer Slay that Jones told them at the scene shortly after the incident that appellant shot him; on the grounds said testimony was inadmissible hearsay. While this testimony might have been inadmissible on the grounds alleged, it tends to corroborate Jones' trial testimony and denigrate appellant's claim that Jones was guilty of perjury. This Point was not preserved in appellant's Motion for New Trial; allegation number 7, which may have been an attempt to raise this issue is not specific and does not advise the court that it is the testimony of Mrs. Jones or Officer Slay against which this allegation is directed. For these reasons we have not addressed this question and conclude that the issuance of the order granting appellant permission to file the supplemental brief was ill-advised.