Galen SHAVERS, a/k/a Oliver
Pickens, Appellant,

v.

STATE of Missouri, Respondent.

No. 53942.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 7, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant, Galen Shavers, a/k/a Oliver Glenn Pickens, was found guilty by a jury in the Circuit Court of the City of St. Louis of first degree robbery and armed criminal action on May 1, 1984. This court affirmed his conviction on appeal. *State v. Pickens,* 699 S.W.2d 12 (Mo.App.1985).

On August 4, 1986, movant filed a *pro se* motion pursuant to Supreme Court Rule 27.26 seeking to have his convictions set aside and his sentences vacated. Movant's *pro se* motion alleged ineffective assistance of counsel. On April 16, 1987, a first amended motion was filed on movant's behalf also alleging ineffective assistance of counsel. An addendum to movant's first amended motion was filed on June 3, 1987, alleging ineffective assistance of counsel and violations of movant's constitutional rights. After an evidentiary hearing, the motion court issued findings of fact and

conclusions of law in support of the denial of movant's *Rule 27.26* motion. We affirm.

Our review of the judgment of the motion court is limited to a determination of whether its findings, conclusions and judgment are clearly erroneous. Rule 27.26(j). The motion court's findings, conclusions and judgment are deemed clearly erroneous only if this court, after reviewing the entire record, is left with a definite and firm impression that a mistake has been made. *Abrams v. State,* 698 S.W.2d 15, 17 (Mo.App.1985).

Movant contends that the court erred in holding that he was not denied his constitutional right to a fair trial and due process because he failed to prove that the state knowingly used false and perjured testimony to convict him. "Before movant can prevail on his claim that he was convicted by the use of perjured testimony, he must establish: (1) the witness' testimony was false; (2) the state used the testimony knowing it was false; and (3) the conviction was obtained as a result of the perjured testimony." *Smith v. State,* 714 S.W.2d 778, 781 (Mo.App.1986).

Movant's defense was that no weapon had been used in the commission of the crime with which he was charged; and, therefore, he was guilty only of the lesser offense of stealing from a person rather than first degree robbery and armed criminal action. The victim, Alice Anderson, reported to the police that a revolver had been used in the robbery of the laundromat at which she was employed. Police recovered a sawed-off shotgun shortly after the crime, but the victim was originally unable to identify this weapon. Nevertheless, she testified at both the pre-trial motion to suppress and at trial that the shotgun was the weapon used in the robbery. The victim's preliminary hearing testimony concerning the weapon was the subject of the Rule 27.26 motion hearing. Movant's counsel at the preliminary hearing testified from his notes. From those notes, he indicated that he had asked the victim whether she had seen a sawed-off shotgun, blue steel in color. He believed that she did not identify the shotgun in question at the pre-

liminary hearing although there is no indication in his notes to that effect. Nonetheless, she did testify at the preliminary hearing that the movant had put a fourteen inch gun in her side.

Movant's trial counsel also testified at the motion hearing. He verified having received the file from movant's previous counsel. He testified that the police report said that the victim had described the weapon as a blue steel revolver, but at trial, the victim had identified the sawed-off shotgun. Trial counsel explained that he had argued the discrepancy to the jury along with the fact that the police officers who testified stated that the victim was originally unable to identify the shotgun.

 It is well-established that a defendant is denied due process of law and his right to a fair trial when he is found guilty of a crime based on perjured testimony. *State v. Coffman,* 647 S.W.2d 849, 851 (Mo.App.1983). Movant claims that the victim's testimony was false, that the state knowingly used this false testimony, and that his conviction was obtained as a result. Movant, however, has not established that the inconsistencies in the victim's description of the weapon provided proof of the state's knowing use of perjured testimony. The mere showing that a witness made statements on a prior occasion which contradict his trial testimony is not sufficient to establish perjury. *State v. Lee,* 617 S.W.2d 398, 403 (Mo.1981). Such inconsistencies go only to witness' credibility. *State v. Seltzer,* 655 S.W.2d 75, 77 (Mo. App.1983). Movant's trial counsel adequately explored the discrepancies in the victim's testimony when he impeached her statements with the testimony of police witnesses, and he argued that the victim's credibility was questionable.

Moreover, movant has not established that his conviction was obtained as a result of the testimony which identified the shotgun. The discrepancy involved the type of weapon used and its identification. At no time did the victim equivocate about the fact that a gun was used in the robbery. The jury clearly believed that the robbery was committed with a weapon despite the

impeachment of the victim's identification testimony. Thus, movant has failed to establish that his conviction was obtained as a result of the identification. Point denied.

■ Movant's second allegation of error concerns his withdrawal of a pre-trial request to proceed *pro se*. He contends that his trial counsel promised to impeach the victim with her preliminary hearing testimony if he would withdraw his *pro se* request. Movant's first amended motion states: "If trial counsel had been truthful, movant would not have withdrawn his pro se motion, therefore, movant was denied effective assistance of counsel." The motion court found an insufficient basis for a claim of ineffective assistance of counsel. On appeal, movant contends that his trial counsel's deceit caused him to withdraw his request and, thereby, violated his constitutional right to self-representation. These claims are not the same. It is a general rule that a variance between a claim advanced in a Rule 27.26 motion and a claim on appeal leaves nothing to review. *Guinan v. State*, 726 S.W.2d 754, 756 (Mo.App. 1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987); *Plant v. State*, 547 S.W.2d 835, 836 (Mo.App.1976). We, therefore, decline to address this issue.

■ In a related point, movant alleges ineffective assistance of counsel in that the victim was inadequately cross-examined concerning her preliminary hearing testimony. The transcript indicates that counsel questioned the victim about the discrepancies in her earlier descriptions of the weapon used in the robbery. He also questioned the police officers about the victim's initial description of the weapon and her inability to identify the sawed-off shotgun prior to the date of the trial. While she was never asked about her testimony at the preliminary hearing, counsel cannot be faulted for this omission. There was obviously no formal record made of the preliminary hearing since throughout this furor none has been produced; therefore, questioning the victim about her preliminary hearing testimony was a strategic omission. Counsel was able to impeach her testimony concerning the weapon's identifi-

cation more effectively through questions about her statements to police of which a written record was available. Moreover, this court has repeatedly explained:

> [T]he decision whether or not to impeach a witness with prior inconsistent statements is a matter of trial strategy and cannot be the basis of a breach of any duty towards movant. *Hurd v. State*, 637 S.W.2d 809, 811 (Mo.App.1982). Absent a rare exception where a strategic choice is declared to have been unsound, the strong presumption of correct action overcomes an ineffective assistance allegation. *Porter v. State*, 682 S.W.2d 16, 19 (Mo.App.1984).

*Berry v. State*, 714 S.W.2d 676, 678 (Mo. App.1986).

The motion court was not clearly erroneous in finding that counsel was not ineffective.

Judgment is affirmed.

STEPHAN and DOWD, JJ., concur.