**Vincent X. LEE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15824.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 17, 1989.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

In this proceeding for postconviction relief under former Rule 27.26, now replaced by Rule 29.15, Vincent X. Lee (hereinafter defendant) sought to set aside two convictions of first-degree murder in violation of former § 559.010, RSMo 1969 (now repealed), and two convictions of first-degree robbery in violation of former § 560.120, RSMo 1969 (since repealed). The defendant's punishment was originally fixed at four concurrent terms of life imprisonment and his convictions were affirmed on appeal. *State v. Lee*, 556 S.W.2d 25 (Mo.banc 1977). The decision of our Supreme Court was vacated by the United States Supreme Court because of the underrepresentation of women in the jury venire. *Lee v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed. 2d 736 (1979). Upon remand a new indictment charging the same crimes was filed against the defendant. Upon change of venue to Greene County, defendant was tried and found guilty on all four counts. The trial court, under the Second Offender Act, fixed defendant's punishment at four concurrent life terms. The judgments of conviction were affirmed on appeal. *State v. Lee*, 617 S.W.2d 398 (Mo.1981).

Thereafter and on October 4, 1983, defendant filed a pro se motion pursuant to former Rule 27.26. The motion was denied without a hearing and on appeal this court reversed and remanded the cause so the provisions of former Rule 27.26 could be complied with. *Lee v. State*, 729 S.W.2d 647 (Mo.App.1987). Thereafter appointed counsel for the defendant filed an amended motion. The amended motion incorporated the defendant's pro se motion by reference and other and additional grounds for relief were averred. After a hearing, the trial (motion) court denied relief. Inasmuch as sentence was pronounced prior to January 1, 1988, and this proceeding was pending before the effective date of present Rule 29.15, the appeal is governed by the law applicable to former Rule 27.26. Rule 29.-15(m). We affirm the judgment of the motion court.

In his motion for postconviction relief and in this court, the defendant claims he

was denied the effective assistance of counsel. Several grounds for relief were pleaded in the postconviction motion; only one subdivided assignment of error has been briefed here. The defendant's other grounds are deemed abandoned. *O'Neal v. State*, 766 S.W.2d 91 (Mo.banc 1989). The general observations concerning a postconviction claim of ineffective assistance of counsel which were set forth in *O'Neal* are appropriate here:

" 'The Sixth Amendment guarantees the right to effective assistance of counsel. And, while this allegation is commonly found in proceedings attacking both guilty pleas and trial convictions, a movant is faced with what has often been called a "heavy burden." Not only must the movant prove his allegation by a preponderance of the evidence, but the "heavier burden" arises from a presumption that counsel is competent. In determining the issue of ineffective assistance of counsel, the trial court is free to believe or disbelieve evidence—contradicted or undisputed. And, appellate review of the trial court's decision in ruling a Rule 27.26 proceeding is expressly "limited to a determination of whether the findings, conclusions, and judgment of the trial court are *clearly erroneous.*" Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the "definite and firm impression that a mistake has been made."

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining

for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so.' "

*O'Neal v. State*, 766 S.W.2d at 91–92 (citations omitted) (emphasis in original).

The defendant's first specific assignment of error—if it can be called specific—is that he was denied the effective assistance of counsel because "trial counsel failed to exercise ... customary skill and diligence ... by objecting to Juror No. 39, —— ——, even though he thought she would be a favorable defense juror, and by failing to make a specific objection which would preserve any error for review." The defendant also maintains that his trial counsel should have requested a change of venue or should have moved to strike the entire panel.

To reiterate, the defendant contends that his trial counsel was ineffective: 1) "by objecting to Juror No. 39, —— ——, even though he thought she would be a favorable defense juror," and 2) "[in] failing to make a specific objection which would preserve any error for review." In order to understand this apparently inconsistent assignment of error, it is necessary to consider that part of the voir dire conducted by the trial court itself. The incident to which the defendant refers was discussed by our Supreme Court on direct appeal, 617 S.W. 2d at 399–400:

"Appellant's first assignment of error is based upon the trial court's excusing a venire person upon voir dire. This claim of error arose from the trial court's questioning of the panel members, in which he asked whether any of the members of the panel were disqualified for statutory reasons (§ 494.020.1, RSMo 1978), including conviction for a felony without restoration of civil rights or conviction for a misdemeanor involving moral turpitude. One panel member responded that she was 'caught shoplifting once' two years earlier.

The court stated: '—— —— No. 39 was convicted of shoplifting. Do you have any objections?

'MR. STERLING (defense counsel): I object to that. She has not had her civil rights restored.

'THE COURT: She said she was convicted two years ago.

'MR. STERLING: I want my objection noted. It has been overruled.

'THE COURT: Overruled.'

The court then struck venireperson No. 39 from the jury panel.

In his motion for new trial, the error asserted in the trial court's ruling was in the trial court's striking the venireperson from the panel 'without permitting counsel to inquire as to the nature of a conviction, if any.' In this Court, the assignment is that the court erred because the venireperson's response that she had been 'caught shoplifting' did not demonstrate that she had been convicted of a felony or of a misdemeanor involving moral turpitude.

The recital of the occurrence in the trial court shows clearly that no such objection was raised in that court. The objection voiced—'She has not had her civil rights restored'—, whatever its meaning, in no manner advised the trial court that defense counsel did not consider the response—'I was caught shoplifting'—sufficient to justify the trial court's conclusion that she had been convicted for that offense. Defense counsel proposed no further inquiry in that regard and there was obviously no refusal on the part of the trial court to permit such an inquiry."

In this court, the defendant argues that our Supreme Court "explicitly found that the trial court struck venireperson No. 39 from the jury panel based on her statement about shoplifting." Our Supreme Court "found" no such thing: it merely stated that "[t]he court then struck venireperson No. 39 from the jury panel." *State v. Lee,* 617 S.W.2d at 399.

In its findings of fact, the motion court found that an inspection of the trial record, including the jury list, indicated that venireperson No. 39 had been stricken from the list of prospective jurors because the trial court believed she had not reported for

service. The defendant argues about this in his brief, but our inspection of the record convinces us the trial court did indeed strike venireperson No. 39's name from the list in the belief she had not reported for duty.

We need not prolong the opinion by addressing the assignment at length. The substance of defendant's argument concerning venireperson No. 39 is that he "was prejudiced as both he and his trial counsel thought [she] would have been a favorable defense juror." Venireperson No. 39 stated that she was "caught shoplifting once" two years earlier, but it is not apparent whether she was disqualified from jury service under the provisions of § 494.020.1, RSMo 1978, then in force. It is clear that when this point is stripped of its unnecessary verbiage, the defendant is arguing that he was entitled to have a particular venireman serve on the panel and trial counsel's ineptitude deprived him of that right. A criminal defendant is not entitled as a matter of right to the seating of any particular person on the jury panel. *State v. Upshaw,* 619 S.W.2d 925, 928 (Mo. App.1981); *State v. Dodson,* 595 S.W.2d 59, 60 (Mo.App.1980); *State v. Marshall,* 571 S.W.2d 768, 772 (Mo.App.1978). The point is without merit.

■ The defendant also contends that trial counsel was ineffective in failing to request a change of venue or in moving to strike the entire venire as being prejudiced.

It must be noted that on June 25, 1979, the trial court summoned a panel of 60 veniremen in the Circuit Court of Jackson County, where this cause originated. Upon voir dire, it became apparent to the trial court that the cause had received widespread publicity and venue of the cause was ordered changed to Greene County. After the trial had begun in Greene County, trial counsel stated that "I fear the [jury selection] system may reflect [the] exclusion of blacks." It does not seem to be defendant's present objection, however, as we read his brief, that blacks were systematically excluded from the venire. The absence of black persons from the venire, if such was the case, was not in itself proof

of systematic exclusion. *State v. Hamilton*, 705 S.W.2d 60, 64 (Mo.App.1985).

Assuming, without deciding, that the defendant might have been entitled to a second change of venue if a general bias against blacks existed in Greene County, the existence of such a general bias was not shown. The transcript simply does not substantiate the existence of local bias against blacks.

The trial court straightforwardly addressed the venire as follows:

\* \* \* \* \* \*

"Defendant, Vincent X. Lee is a black man.

Is there anybody, by that fact alone that is prejudiced, prejudiced for the defendant and against the State of Missouri, or is prejudiced for the State of Missouri and against the defendant?

Anybody in this section, here?

Back here (indicating)?

Yes, ma'am.

Will you state your name, please?

UNIDENTIFIED JUROR: Cardyn Bartlett.

MR. WELCH: Cardyn Bartlett?

MS. BARTLETT: Yes.

THE COURT: Number 56.

MR. WELCH: Ms. Bartlett, you feel that you could not fairly and impartially judge the evidence in this case, because there is some feeling which ever way?

MS. BARTLETT: I do. And I can't help it.

MR. WELCH: Thank you, Ms. Bartlett.

Anybody else?

Thank you."

\* \* \* \* \* \*

It is doubtful that there is any duty, constitutional or nonconstitutional, to inquire into possible race prejudice on voir dire unless the circumstances in the case suggest a significant likelihood that racial prejudice might "infect" the defendant's trial. *United States v. Bowles*, 574 F.2d 970, 973, n. 3 (8th Cir.1978). Nevertheless, the trial court in this case inquired diligently into possible prejudice against blacks and received only one affirmative answer from the venire. Trial counsel testified at the hearing on the postconviction motion, thus:

"Q. Had you any independent knowledge of whether there was a bias in that community?

A. Not specifically. It's sort of a gut level thing, I guess, that you sense in a courtroom or in a community, and just based on what I had seen and heard and felt, I felt there was quite a bit of prejudice in that area, certainly some assumptions based upon the geographical location, the southern part of the state.

Q. While you were picking the jury did you get any gut feeling about the jurors, potential jurors themselves, whether or not they were biased towards blacks?

A. Yes. I believe I felt like they were biased against blacks."

This and other testimony of the same level of persuasiveness, is the only evidence of the existence of bias or prejudice against blacks among the 68 members of the venire other than Ms. Bartlett. Ms. Bartlett appears to have been 1 of a group of 18 venirepersons who were excused because they were not needed. The motion court found no prejudice to the defendant because trial counsel failed to pursue possible bias against blacks, and we perceive no clear error in that finding. The judgment is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.