William **SELTZER**, Appellant,

v.

**STATE** of Missouri, **Respondent.**

No. 56046.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 7, 1990.

Application to Transfer Denied
April 17, 1990.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

This appeal is from the hearing court's judgment denying movant's second Rule 27.26 motion for post-conviction relief.

We affirmed movant's conviction on direct appeal in *State v. Seltzer*, 655 S.W.2d 75 (Mo.App.1983) and affirmed on May 28, 1985 the denial of movant's Rule 27.26 motion in *Seltzer v. State*, 694 S.W.2d 778 (Mo.App.1985). In a Rule 27.26 proceeding our scope of review is limited to a determination of whether the findings, conclusions and judgments of the motion court are clearly erroneous. Missouri Supreme Court Rule 27.26(j) (repealed effective January 1, 1988); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Id.*

Movant's first point on appeal alleges the motion court was clearly erroneous for holding that his claim, based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), could not be raised in this proceeding for post-conviction relief. Movant argues the Batson decision is applicable because the prosecutor unconstitutionally used his peremptory strikes to remove blacks from the jury panel.

Both the United States Supreme Court and the Missouri courts have expressly held Batson will not apply retroactively to a collateral attack of a conviction which became final before *Batson* was decided. *Griffith v. Kentucky*, 479 U.S. 314, 323, 107 S.Ct. 708, 713, 93 L.Ed.2d 649, 658 (1987); *Allen v. Hardy*, 478 U.S. 255, 260, 106 S.Ct. 2878, 2881, 92 L.Ed.2d 199, 206 (1986); *Thomas v. State*, 736 S.W.2d 518, 520 (Mo.App.1987). In *Thomas*, this court adopted the rule on retroactivity contained in *Allen v. Hardy, supra*.

*Batson* was decided on April 30, 1986. Movant's conviction was final on September 12, 1985. Because movant's conviction became final prior to *Batson*, movant's first point has no merit.

Movant's second point on appeal charges the motion court clearly erred in denying relief, because the exclusion of eighteen through twenty-year-olds from the jury panel violated his sixth amendment right to a jury drawn from a fair cross section of the community. This issue has already been decided adversely to movant's argument in *State v. Mansfield*, 637 S.W.2d 699, 704 (Mo. banc 1982) and *State ex rel. McNary v. Stussie*, 518 S.W.2d 630, 637 (Mo. banc 1974). Point denied.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.