**STATE of Missouri, Respondent,**

v.

**Carl TURNER, Appellant.**

**Carl TURNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 56927, 59068.**

Missouri Court of Appeals, Eastern District, Division Two.

May 28, 1991.

Deborah B. Wafer, Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his conviction for murder in the first degree and armed criminal action, for which he was sentenced to life imprisonment and three years' imprisonment respectively. The sentences were to be served concurrently. Affirmed.

On July 21, 1988, Tony Cotton arrived at the Pizza Hut on Hallsferry Road to pick up his girlfriend. Defendant and Eric Gaines walked into the Pizza Hut. Defendant and Cotton had words. They went outside to settle the matter.

Defendant and Gaines left the Pizza Hut followed by Cotton. The girlfriend went outside as well. Shortly after the four went outside, Cotton began to run back toward the door. The girlfriend heard a gunshot, and saw "sparks." Cotton crawled back into the Pizza Hut on his hands and knees. He died of a single gunshot to his back shortly after collapsing.

Defendant testified he did not intend to shoot Tony Cotton, but rather he pointed his gun at Cotton because he thought Cotton was reaching for a gun in his pocket. He testified he did not pull the trigger; the gun just "went off."

On January 4, 1990, defendant filed a timely and verified Rule 29.15 motion. He filed an unverified amended motion through counsel on April 23, 1990. On August 3, 1990, the motion court denied post-conviction relief. It is from this order as well as defendant's underlying conviction that this consolidated appeal ensues.

■ In his first point on appeal, defendant alleges the trial court erred in sustaining the State's challenge for cause of venireperson Halaka. Defendant claims Halaka was a qualified juror, but was nonetheless struck for cause, thus in effect giving the State an extra peremptory challenge.

During voir dire examination by the prosecutor, Halaka stated that because of his training as a scientist, he would demand more evidence than most people, and "probably be a problem in a hung jury...." He also stated that a lack of physical evidence might be a problem for him.

Although the exclusion of potential jurors should always be on the side of caution, *State v. Stewart*, 692 S.W.2d 295, 298[2] (Mo. banc 1985), the trial court did have cause for dismissing Halaka. Halaka raised doubt about his ability to follow the

court's instructions. It was not an abuse of the trial court's discretion to sustain the State's strike for cause of venireperson Halaka. *State v. Weekley*, 621 S.W.2d 256, 258[1, 2] (Mo.App.1981).

■ Further, a defendant is not entitled as a matter of right to the seating of any particular person or persons on a jury panel. *Lee v. State*, 770 S.W.2d 724, 727[1, 2] (Mo.App.1989). Defendant has failed to show the jury panel as finally selected was not composed of a competent, qualified and unbiased jury panel. *State v. Jones*, 749 S.W.2d 356, 360[4] (Mo. banc 1989), *cert. denied*, 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 155 (1988). We find no prejudice to defendant. This point is denied.

■ In his second point, defendant claims the trial court erred in refusing to submit his proffered instruction "A" on self-defense. Instruction "A" was based on MAI–CR3d 306.06. The evidence favorable to defendant's position was defendant pulling out his gun in response to an onrushing and antagonistic victim after defendant thought victim was reaching for a gun. *See State v. Chambers*, 671 S.W.2d 781, 783[1–3] (Mo. banc 1984); *State v. Chambers*, 714 S.W.2d 527, 530–31[1] (Mo. banc 1986); subsequent denial of habeas corpus reversed, *Chambers v. Armontrout*, 885 F.2d 1318 (8th Cir.1989). However, nothing happened until victim "turned around and ran." The gun, according to defendant, went off accidentally, resulting in victim being shot in his back. Although defendant may have pulled out his gun in self-defense, there was no need for self-defense after victim turned around and ran and the gun discharged. *State v. Newbold*, 731 S.W.2d 373, 386[16, 17] (Mo.App.1987). This point is denied.

■ In his third point, defendant contends the trial court erred in submitting the "reasonable doubt" instruction, MAI–CR3d 302.04. Specifically, defendant claims the use in the instruction of the phrase "firmly convinced of the defendant's guilt" in defining "reasonable doubt" unconstitutionally lowers the State's burden of proof in a criminal case. Defendant asks that his claim be reviewed for plain error in light of the recent United States Supreme Court case of *Cage v. Louisiana*, —— U.S. ——, 111 S.Ct. 328, 330, 112 L.Ed.2d 339[3, 4] (1990) which found that the submitted reasonable doubt instruction in that defendant's case allowed a jury to find guilt based on a degree of proof below that required by the due process clause. However, *Cage v. Louisiana* did not change Missouri law. In *State v. Antwine*, 743 S.W.2d 51, 62–63[12] (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), our Missouri Supreme Court stated that the "firmly convinced" language "is intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt'.... 'firmly convinced' is essentially synonymous with 'beyond a reasonable doubt.'" We find little in *Cage v. Louisiana* to cause us to transfer this case for our Missouri Supreme Court to review *State v. Antwine*. Point denied.

■ In his fourth point, defendant claims the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. Specifically, defendant alleges his lawyer was ineffective for not calling his co-defendants as witnesses. Defendant concluded his co-defendants would have testified defendant had no intent to kill Tony Cotton. He did not recite what their testimony would have been, nor does he state a basis for his improbable conclusion that his co-defendants were apparently able to read defendant's mind to determine his intent, or lack thereof. His conclusions were not sufficient to warrant an evidentiary hearing. *Mathenia v. State*, 752 S.W.2d 873, 876[4] (Mo.App.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 819, 102 L.Ed.2d 809 (1989). Point denied.

■ In his final point, defendant attacks the order of the motion court denying relief, because the motion court adopted the detailed findings and conclusions contained within the State's motion to dismiss. Absent a showing the court's adoption of the proposed findings and conclusions barred meaningful review of defendant's contentions, there is nothing unconstitutional in a

motion court adopting such. *Malone v. State*, 747 S.W.2d 695, 698–699[2, 3, 4] (Mo. App.1988). This point is denied.

Judgment as to defendant's direct appeal and post-conviction relief appeal are affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.