STATE of Missouri, Respondent,

v.

Gregory WISHOM, Appellant.

Gregory WISHOM, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56623, 59514.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 10, 1992.

Application to Transfer Denied
March 24, 1992.

William J. Shaw, Clayton, Susan L. Hogan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions of Murder in the First Degree and Armed Criminal Action, for which Defendant was sentenced to consecutive terms of life imprisonment, and from the denial of his Rule 29.15 motion. The sufficiency of the evidence to sustain the convictions is not in dispute, and therefore a brief statement of facts will suffice.

In the early morning of April 26, 1988, Defendant telephoned Victim and asked him to come pick him up. Victim drove to Defendant's residence, picked up Defendant, and the two returned to Victim's residence in Florissant. Defendant drank a beer and some Jack Daniels. Victim drank Royal Salute. An altercation then occurred in which Defendant stabbed Victim twelve times. Victim also had three incised wounds to his hands considered "defense wounds," a fracture of the right humerus, and numerous abrasions. Victim's body was found on the evening of April 26, 1988. On May 3, 1988, Defendant was arrested at the hospital where he had undergone surgery for lacerations of his hand. When first questioned, Defendant denied any involvement with Victim's murder, and later gave two conflicting versions of how and why he stabbed Victim.

■ For his first point, Defendant asserts the trial court erred in admitting into evidence a photostatic copy of the police booking sheet pertaining to Defendant's arrest. Specifically he claims this admission violated the best evidence rule because the entries purporting to show he was given his medication and was fed one meal were in dispute.

The record shows Defendant was given Tylenol at 11:15 p.m. and Velosef at 4:30 p.m. and 11:15 p.m. on May 3, 1988. The record also shows the booking sheet indicated one meal was served to Defendant on the morning of May 4, 1988. Defendant testified on direct examination he took Tylenol at about eleven in the evening and that he was fed the next morning "after questioning." Therefore these portions are not in dispute and are not subject to the best evidence rule. *State v. Simpson*, 718 S.W.2d 143, 148[13] (Mo.App.1986). In addition, Officer Ellerbusch testified, based on his own personal knowledge, he administered Velosef to Defendant at 4:30 p.m. and later administered both Tylenol and Velosef. He also testified Defendant was fed a meal the morning of May 4. Therefore the best evidence rule does not apply even if the contents of the booking sheet were in dispute because the documented evidence was proved independently. *State v. Holland*, 781 S.W.2d 808, 811[1–3] (Mo.App. 1989). Point denied.

■ For his second point Defendant contends the trial court abused its discretion in sustaining the State's challenge for cause of venireperson Fazio. The trial court's disqualification of a potential juror for cause will not be disturbed upon appeal unless the Appellant demonstrates the trial court clearly abused its discretion and a real probability of injury to the appellant exists. *State v. Wheat*, 775 S.W.2d 155, 158[5] (Mo. banc 1989). During voir dire venireperson Fazio testified that two years ago she had called the police about a domestic problem and during the episode one of the police officers "did kind of make me angry." Fazio stated she still had angry feelings about the incident and if the officer was to testify it would make her "question ... what his motives are." She was unable to recall the officer's identity, and the court could not determine if the particular officer would testify. Under these circumstances the trial court did not abuse its discretion in dismissing Fazio in that she raised doubt about her ability to be a fair and impartial juror. *Turner v. State*, 810 S.W.2d 92, 93–94[1] (Mo.App.1991). Further, we find no prejudice to Defendant in that he does not assert, much less demonstrate the jury panel finally selected was not fair and impartial. *Id.* at 94[2]. This point is denied.

■ In Defendant's third point relied on he contends the trial court plainly erred in submitting the "reasonable doubt" instruction patterned after MAI–CR3d 302.04. Defendant claims the use of the phrase "firmly convinced" allowed the jury to convict on a quantum of proof less than "be-

yond a reasonable doubt" which conflicts with *Cage v. Louisiana*, — U.S. —, 111 S.Ct. 328, 330, 112 L.Ed.2d 339[3, 4] (1990). Missouri courts have consistently held the "firmly convinced" language is synonymous with "beyond a reasonable doubt." *Turner*, 810 S.W.2d at 94[4]; *State v. Antwine*, 743 S.W.2d 51, 61–63[12] (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Point denied.

■ For his final point, Defendant contends the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. Defendant first alleges his counsel was ineffective for failing to object to the admission of at least twenty-one cumulative and inflammatory photographs. Photographs, even gruesome ones, may be admitted where they show the nature and location of wounds and enable the jury to better understand the testimony. *State v. Feltrop*, 803 S.W.2d 1, 10–11 [19, 20] (Mo. banc 1991). Victim sustained over 30 injuries. The photographs depicted these injuries. Trial counsel cannot be deemed ineffective for failure to object to admissible evidence. *Clemmons v. State*, 785 S.W.2d 524, 529[12] (Mo. banc), *cert. denied* — U.S. —, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990).

■ Defendant also asserts trial counsel was ineffective for failing to investigate Dr. Jones in order to determine the effect of Defendant's medications on the voluntariness of his statements to the police. Defendant claims an investigation to determine the effects of his medication could have changed the result of the case. His conclusions were not sufficient to warrant an evidentiary hearing in that he did not recite what the Doctor's testimony would have been, only what it "could have" been. *Turner*, 810 S.W.2d at 94[5]. Point denied.

Judgments as to Defendant's direct appeal and post-conviction relief appeal are affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.