**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard A. WAGONER, Defendant–Appellant.**

No. 20813.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 20, 1996.

Rosalynn Koch, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Elizabeth L. Ziegler, Sp. Asst. Attorney General, Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

A jury convicted Richard A. Wagoner (Defendant) of the Class C felony of receiving stolen property with a value of more than $150 in violation of § 570.080, RSMo 1994, and he was sentenced, as a prior and persistent offender, to twenty years' imprisonment. On this appeal, Defendant alleges error in the admission of a photocopy of a consent to search form. We affirm.

Considered in the light most favorable to the jury verdict, the facts adduced at trial were as follows: Defendant and Michael Connaway lived in the same apartment complex in Lebanon, Missouri. Upon Mr. Connaway's return from a trip in June, 1994, he found that his apartment had been burglarized and several items of personal property were missing.

The next day, Officer Peters of the Lebanon Police Department approached the De-fendant to talk about the burglary, knowing that he lived in the same apartment complex as Connaway. After being read his Miranda rights, Defendant told Peters that he had heard about the burglary, but he said, "I didn't do it." At Officer Peters' request, Defendant orally consented to a search of his apartment and also signed a written consent to search form.[1] When officers searched Defendant's apartment, they found the items which had been taken from Connaway's apartment.

In his sole point on this appeal, Defendant contends that the trial court erred in admitting into evidence a photocopy of the written consent to search form which he signed. He argues that admission of the photocopy violated the best evidence rule. We disagree.

In the instant case, Officer Peters testified, without objection, that Defendant orally consented to a search of his apartment. He also testified that Defendant signed a written consent to search form, and identified the exhibit in question as an exact copy of the original.[2] The exhibit was then admitted in evidence over Defendant's objection that it violated the best evidence rule.

■ "Normally, 'absent agreement of the parties, a duplicated or photostatic copy of a document is not properly admissible in evidence.' " *State v. Trader Bobs, Inc.,* 768 S.W.2d 183, 187 (Mo.App.E.D.1989) (quoting *State v. Armstrong,* 575 S.W.2d 847, 848 (Mo.App.E.D.1978)). That general rule, however, is based on the assumption that the best evidence rule applies. *Id.*

■ "The best evidence rule does not apply where the facts contained in the documentary evidence are independently proven." *State v. Holland,* 781 S.W.2d 808, 811 (Mo. App.E.D.1989). In *Holland,* the court held that admission of a copy of a rights waiver form did not violate the best evidence rule. *Id.* One of the reasons for that conclusion was the fact that an officer had testified,

---

1. Defendant used the name "Richard Parker" when approached by Officer Peters and also used that name in signing the written consent to search form. The evidence, however, was that "Richard Parker" and Defendant were one and the same.

2. He testified that "they" had been unable to locate the original consent form.

without objection, to his administration of the defendant's *Miranda* rights and to the defendant's responses. *Id.* Other cases recognizing the inapplicability of the best evidence rule when the facts contained in the documentary evidence are proven independently include *State v. Brown,* 660 S.W.2d 694, 699 (Mo. banc 1983); *State v. Wishom,* 824 S.W.2d 101, 102 (Mo.App.E.D.1992); and *State v. Jordan,* 751 S.W.2d 68, 77 (Mo.App. E.D.1988).

In *Cooley v. Director of Revenue,* 896 S.W.2d 468, 470 (Mo. banc 1995), the court said that "where the fact to be proved is evidenced in a writing but also exists independently of that writing, then both sources, oral and written, become primary evidence, and the best evidence rule is inapplicable."

 In this case, the officer's testimony, introduced without objection, that Defendant orally consented to the search constituted evidence which was independent from the exhibit in question. The best evidence rule, therefore, did not apply. We also note that no issue was raised concerning the existence or voluntariness of the consent to search in this case. The trial court did not err, as alleged by Defendant, under the circumstances demonstrated in this record.

The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.