**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Jesse HALL, Defendant-Appellant.**

**No. 50203.**

Missouri Court of Appeals,
Eastern District,
Division Nine.

July 29, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 10, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Bradford J. Kessler, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Jesse Hall, appeals jury conviction of capital murder. § 565.001 RSMo Cum.Supp.1984. Sentence was imposed at fifty years imprisonment without possibility of probation or parole.

Defendant claims the trial court erred in: (1) overruling defendant's motion for a mistrial following comments of the prosecutor during cross-examination of the defendant; and (2) submitting over defendant's objection a complicity verdict directing instruction. Affirmed.

The facts adduced at trial in the light most favorable to the state are as follows. On the morning of June 2, 1984, defendant and his girlfriend, Anita Conway, appeared at the front door of her father, Howard Conway, Sr.. Mr. Conway was living with the victim, Ruth Hall, defendant's wife. Defendant and the victim had been separated approximately eight months prior to the murder. Conway testified that Anita was standing at his door but he did not see the defendant. Anita followed her father into the house. When Conway turned around to enter the kitchen he saw the defendant next to him holding something that resembled a pipe. Defendant proceeded into the bedroom where the victim Ruth Hall was sleeping. Conway heard defendant say, "Ruth" which was immediately followed by five to seven gunshots. Conway ran out of the house following Anita. He ran around to the back of the house where he confronted the defendant holding a rifle. He then proceeded to a neighbor's house to call the police. The State presented testimony of two witnesses who stated they saw a woman exit the house followed by a man carrying a rifle. The victim died of multiple gunshot wounds to the head and chest.

Defendant testified at trial and defended on the ground that Anita entered the house alone while he remained in the automobile to repair a fuse. He claims that Anita must have shot the victim because she returned to the automobile with blood spattered on her dress. She told him, "Let's go, let's go. Ruth got shot." He claims he did not know his wife was murdered until after he was arrested.

■ Defendant's first point claims the trial court erred in overruling defendant's motion for a mistrial after comments made by the prosecutor while cross-examining the defendant. The comment made by the prosecutor refers to letters defendant may have written after his arrest to relatives who he claims he visited the day prior to the murder. Defendant asserts the prosecuting attorney was suggesting that he was hiding the testimony of these potential witnesses.

The cross-examination was as follows:

[PROSECUTOR]: When did you to go Blytheville?

[DEFENDANT]: When I go to Blytheville?

Q. Um-hum.

A. Friday, June the 1st.

.　　.　　.　　.　　.

Q. And you visited with your son, and who else?

A. His mother, and his Uncle Ebeneezer Blankenship and Linda Blankenship.

Q. And you've written some letters. They know you're on trial here, don't they?

[DEFENSE COUNSEL]: I object to that, Your Honor. Can we approach the bench?

.　　.　　.　　.　　.

[DEFENSE COUNSEL]: Your Honor, I object. This is improper because what he's getting at, if he wrote to them, they knew he's on trial, and I should call them as witnesses; and that's wrong.

.　　.　　.　　.　　.

[PROSECUTOR]: He went into it. He said that he was in Blytheville with his son.

Now why can't I cross-examine him to that?

THE COURT: You're going to comment on failure to call certain witnesses.

[PROSECUTOR]: I'm not going to say anything.

THE COURT: You with the subpoena power of this Court.

[PROSECUTOR]: Well, okay. I don't think his relatives are equally available to me. Particularly when they're out of state.

The court ordered the question stricken and instructed the jury to disregard it. The court denied defendant's request for a mistrial.

The declaration of a mistrial is a drastic remedy and the power of the trial court should be exercised only in extraordinary circumstances and only when the prejudicial effect can be removed in no other way. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985); *State v. Smith,* 675 S.W.2d 690, 694 (Mo.App.1984).

The trial court acts within its discretion and may cure error in the admission of evidence by instructing the jury to disregard it rather than declaring a mistrial. *State v. Laws,* 668 S.W.2d 234, 238 (Mo. App.1984). The question or comment only confirms a reasonable probability that defendant's Arkansas relatives were informed that he was on trial for murdering his wife. None of the relatives were at the scene of the crime and there is no reason or explanation given that the jury could or would infer that they could offer any evidence to support the defense. It is wholly unlikely that any adverse inference could be drawn for failure of defendant to produce any of these witnesses at trial. Defendant has failed to demonstrate any prejudice. The instruction to the jury to disregard the prosecutor's question or comment constituted adequate relief. There was no error in failing to declare a mistrial.

■ Defendant's second point claims the trial court erred in submitting instruction number five, a complicity verdict directing instruction patterned after MAI–CR2d 2.12.[1] Defendant complains that this instruction was unwarranted. He contends submission of the complicity instruction denied him his defense that Anita committed the crime without his knowledge. He argues the instruction was in direct conflict with the State's theory of culpability and deprived him of his defense. We do not agree.

The State presented testimonial evidence that defendant was seen in the house holding something that resembled a pipe and that a man exited holding a rifle and following a woman. This evidence supports a finding that "defendant or Anita Conway caused the death of Ruth Hall" and that "defendant acted together with or aided Anita Conway in committing that offense." Defendant testified he drove Anita to the house and the jury could have inferred that he was aware Anita left the automobile and went to the house carrying a rifle. In itself this was sufficient evidence for the jury to conclude that defendant in a concerted effort acted with Anita in committing the murder. The jury was also required to find "defendant intended to take the life of Ruth Hall." The participation of Anita need not have been proven nor submitted to sustain the conviction. It was defendant's evidence which suggested a conflict on who pulled the trigger. This justified a MAI–CR2d 2.12 submission. *See* MAI–CR2d 2.12, Note on Use No. 4; § 562.041 RSMo 1978. Defendant was charged as acting with another. Defendant's contention was rejected in *State v.*

---

1. Instruction No. 5 in its entirety provided:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with her with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about June 2, 1984, in the County of St. Louis, State of Missouri, the defendant or Anita Conway caused the death of Ruth Hall by shooting her, and

Second, that the defendant intended to take the iife of Ruth Hall, and

Third, that the defendant knew that he was practically certain to cause the death of Ruth Hall, and

Fourth, that the defendant considered taking the life of Ruth Hall and reflected upon this matter cooly and fully before she was killed, then you are instructed that the offense of capital murder has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of capital murder, the defendant acted together with or aided Anita Conway in committing that offense, then you will find the defendant guilty of capital murder. However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense. (LF. 26).

*Lue,* 598 S.W.2d 133, 139 (Mo. banc 1980). We reject it here.

The judgment is affirmed.

CRANDALL, P.J., and CRIST, J., concur.