**668**

Jesse HALL, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54373.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 4, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 24, 1989.

Application to Transfer Denied
March 14, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of capital murder. § 565.001, RSMo 1978. Movant and his co-defendant in the murder, Anita, were charged and tried separately. Movant was sentenced to serve a term of life imprisonment without possibility of parole or probation for fifty years. He appealed his conviction and we affirmed. *State v. Hall*, 716 S.W.2d 392 (Mo.App. 1986).

Most of the facts are detailed in our opinion on direct appeal.

The facts adduced at trial in the light most favorable to the state are as follows. On the morning of June 2, 1984, defendant and his girlfriend, Anita Conway, appeared at the front door of her father, Howard Conway, Sr. Mr. Conway was living with the victim, Ruth Hall, defendant's wife. Defendant and the victim had been separated approximately eight months prior to the murder. Conway testified that Anita was standing at his door but he did not see the defendant. Anita followed her father into the house. When Conway turned around to enter the kitchen he saw the defendant next to him holding something that resembled a pipe. Defendant proceeded into the bedroom where the victim Ruth Hall was sleeping. Conway heard defendant say, "Ruth" which was immediately followed by five to seven gunshots. Conway ran out of the house

following Anita. He ran around to the back of the house where he confronted the defendant holding a rifle. He then proceeded to a neighbor's house to call the police. The State presented testimony of two witnesses who stated they saw a woman exit the house followed by a man carrying a rifle. The victim died of multiple gunshot wounds to the head and chest.

*Id.* at 393.

In addition, the record reveals that defendant left the murder scene in his car with Anita. Within an hour police apprehended defendant and Anita after they stopped at a gas station. The arresting officers found three .22 caliber hollow point bullets in defendant's pocket. A later search of the car uncovered a sawed-off .22 caliber rifle "[u]nderneath the back seat, wedged between the springs." The police also found two files and a hacksaw in the trunk. Subsequent tests revealed that the bullets killing the victim were fired from the sawed-off rifle.

In his testimony, defendant contended Anita entered the house alone while he stayed in the automobile. He claimed he did not know his wife was murdered until he was arrested.

In his Rule 27.26 motion, movant alleged he was denied the effective assistance of trial counsel on numerous grounds. On appeal he raises two issues:

1) He argues the motion court erred in finding his trial counsel was not ineffective "for [his] failure to object to evidence that months before the crime [movant] had threatened his wife with a machete and [in a separate incident] tried to drag her from her sister's home."

2) He also contends the motion court erred by failing to make findings of fact and conclusions of law on "trial counsel's failure to enter into plea negotiations."

Our review of an order sustaining or overruling a Rule 27.26 motion is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986). The motion court's findings and conclusions are clearly erroneous only

if a review of the entire record leaves the appellate court with a definite and firm impression a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

When the motion court inquires into an allegation of ineffective assistance of counsel it may make its determination wholly on the basis of lack of prejudice if possible, i.e., that the movant has failed to show there is a reasonable probability he would not have been convicted absent the alleged errors of trial counsel when the totality of the evidence before the fact finder is considered together with the impact of the alleged errors on that evidence. *Strickland v. Washington*, 466 U.S. 668, 695–97, 104 S.Ct. 2052, 2068–70, 80 L.Ed.2d 674 (1984); *Richardson*, 719 S.W.2d at 915–16.

■ Before trial, movant's counsel moved to exclude evidence of the incidents involving the machete and movant's dragging his wife. The court reserved ruling on the motion in limine and counsel did not object when this evidence was offered. Movant's trial counsel testified at the evidentiary hearing that he did not renew his objections to the evidence at trial because the judge had indicated he would let it in to show the state of mind of the victim. We need not determine the admissibility of this evidence given the strength of the state's case. We conclude, as did the motion court, that when viewed in light of the totality of the circumstances defendant has failed to show prejudice.

■ At his Rule 27.26 evidentiary hearing movant testified that he asked his trial counsel to plea bargain. Counsel testified he understood movant's position to be that he was innocent and did not want to plea bargain. Although numerous cases hold trial counsel has a duty to report offers by the state to reduce the charge in exchange for a guilty plea, that is not the issue here. Movant claims he is entitled to relief because his trial counsel failed to enter into

plea negotiations. Counsel did approach the state with an offer that if the charges were dismissed, movant would testify against his co-defendant. The motion court did not make a specific finding on the issue of whether trial counsel entered into plea negotiations; the court found that "[m]ovant has failed to demonstrate that he was prejudiced in any way by the performance of [his trial counsel]." Specific findings of fact are not required for every issue raised by movant. *Williams v. State,* 744 S.W.2d 814, 817 (Mo.App.1987). Rule 27.26 is satisfied when the motion court has made sufficient findings on the issues movant raises for us to be able to review them. The motion court's findings of fact and conclusions of law on this issue fall squarely within the language of *Strickland;* "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

Having determined that the trial court's findings are not clearly erroneous, we affirm.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.