Frederick **DAVIDSON**, Appellant,

v.

Charles **HARRIS**, C.O.I.; Scott **Jarvis**, C.O.I.; Raymond **Coad**, C.O.I.; Larry **Youngman**, C.O.I.; Dean **Allen**, Defendants–Appellees,

Margaret **Ellis**, Medical Assistant; Paul **Delo**; Pedro **Cayabyab**, Defendants.

No. 93–3055.

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1994.

Decided July 21, 1994.

Lori Baskins, St. Louis, MO, argued, for appellant.

John R. Munich, Jefferson City, MO, argued, for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FAGG, Circuit Judge.

Frederick Davidson, a black Missouri inmate, brought this 42 U.S.C. § 1983 action alleging various prison officials, guards, and a doctor (collectively the defendants) violated Davidson's Eighth Amendment rights by using excessive force against him and ignoring his serious medical needs. After a trial, a jury returned a verdict for the defendants. Davidson appeals, contending the defendants improperly excluded blacks from the jury in violation of the Equal Protection Clause. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Because we agree, we reverse and remand.

When Davidson's case came to trial, the venire panel contained twelve white persons and four black persons. During voir dire, the district court asked the panel general questions and allowed the parties to ask individual jurors specific questions. The defendants asked no specific questions of prospective black jurors Jones, Williams, or Pargo. Following voir dire, the district court struck black prospective juror Stowers for cause. The defendants then used their three peremptory strikes to remove the remaining three blacks: Jones, Williams, and Pargo. Davidson objected to the defendants' removal of the three black jurors under *Batson*.

Without deciding whether Davidson had established a prima facie case of discrimination in the use of peremptory strikes, the district court asked the defendants to state the reasons for their strikes. The defendants responded that they struck Jones because she is the mother of three children and would be sympathetic to a young man like Davidson. The defendants struck Williams because he is the father of children approximately the same age as Davidson and earlier served on a criminal jury. The defendants struck Pargo because she has children about the same age as Davidson, earlier civil jury experience, and an unemployed spouse. The defendants summarized that it used it strikes "predominantly because these are people

who have children, approximately the same age, and they're going to be sympathetic to incarceration."

■ In making his *Batson* objection, Davidson pointed out that jurors on the final panel who were not stricken shared identical characteristics with the three stricken black jurors. In particular, Davidson noted jurors McClain and Rekart are also the mothers of children approximately the same ages as Jones's children. Without making any findings, the district court overruled Davidson's *Batson* objection. We review the district court's implicit ultimate finding that no discrimination occurred for clear error. *Elem v. Purkett*, 25 F.3d 679, 682 (8th Cir.1994).

■ Initially, the defendants contend that because the voir dire transcript and juror information list do not reveal the venire members' races, the record on appeal is insufficient to support Davidson's *Batson* claim. We disagree. The voir dire transcript shows that the three stricken jurors were black and in Davidson's new trial motion, Davidson represented that the final jury panel before the district court was all white. The district court clerk included the motion in the record on appeal and Davidson included the motion without objection in the appendix. *See* Fed.R.App.P. 10(a), 30(a). Although the defendants complain that the new trial motion is not part of the record, the defendants do not contend Davidson's motion does not "truly disclos[e] what occurred in the district court" under Rule 10(e). Rather than moving to strike the motion or modify the record, the defendants did not dispute Davidson's representation of the venire's racial composition in the district court, nor do defendants challenge the accuracy of Davidson's factual assertions on appeal. Because the parties do not dispute Davidson's assertion of the venire's racial composition before the district court, we need not remand for a record clarification under Rule 10(e) and will consider Davidson's assertion as part of the record on appeal. *See United States v. Alverson*, 666 F.2d 341, 348 n. 6 (9th Cir.1982).

■ We note at the outset that in *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 615–16, 111 S.Ct. 2077, 2080, 114 L.Ed.2d 660 (1991), the Supreme Court held *Batson* applies to private litigants in civil cases because "race-based exclusion violates the equal protection rights of the challenged jurors." Under *Edmonson*, Davidson may raise the excluded persons' rights on his behalf. *Id.* at 628–29, 111 S.Ct. at 2087. To establish a *Batson* claim, Davidson was first required to make a prima facie showing that the defendants exercised their peremptory strikes on the basis of race. *United States v. Brooks*, 2 F.3d 838, 840 (8th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1117, 127 L.Ed.2d 427 (1994). Because the defendants offered race-neutral explanations for their strikes and the district court ruled on the ultimate question of intentional discrimination, however, the preliminary prima facie issue falls from the case. *Id.* at 840–41. Thus, we are left to decide whether the defendants' explanations are pretextual. *Id.*

■ " '[I]n this circuit, it is well established that [a litigant] may not justify peremptory challenges to venire members of one race unless venire members of another race with comparable or similar characteristics are also challenged.' " *United States v. Scott*, 26 F.3d 1458, 1466 (8th Cir.1994) (*quoting Reynolds v. Benefield*, 931 F.2d 506, 512 (8th Cir.), *cert. denied*, 501 U.S. 1204, 111 S.Ct. 2795, 115 L.Ed.2d 969 (1991)). A party can establish an otherwise neutral explanation is pretextual by showing that the characteristics of a stricken black panel member are shared by white panel members who were not stricken. *Walton v. Caspari*, 916 F.2d 1352, 1361–62 (8th Cir.1990), *cert. denied*, 499 U.S. 931, 111 S.Ct. 1337, 113 L.Ed.2d 268 (1991); *Garrett v. Morris*, 815 F.2d 509, 514 (8th Cir.), *cert. denied*, 484 U.S. 898, 108 S.Ct. 233, 98 L.Ed.2d 191 (1987).

■ In this case, the defendants' explanation for striking Jones—because she had young children, she would be sympathetic to a young man like Davidson—does not pass muster under our case law. The record shows the defendants did not strike two white venirepersons who also had young children. White juror Rekart had three children

almost the same ages as Jones's three children, but Rekart was empaneled as a juror. The defendants also did not challenge white juror McClain who similarly had two young children about the same ages as Jones's children. *See Jones v. Ryan,* 987 F.2d 960, 973 (3d Cir.1993) (prosecutor's explanation that he struck black jurors with children the same age as defendant was pretextual because prosecutor did not strike white jurors with children about the same age).

Further, the defendants' strike of Jones appears suspect given the defendants asked no questions of Jones to verify whether her mere status as the mother of young children engendered sympathy for prisoners. There is nothing in the record to indicate that Rekart and McClain were not equally or more sympathetic than Jones because of their motherhood. *See Scott,* 26 F.3d at 1467 (government must fully develop record to substantiate juror strike based on subjective justification). Because the defendants did not apply their theory for striking Jones consistently to strike white venirepersons with characteristics identical to Jones, the defendants' explanation for striking Jones is pretextual. *See Walton,* 916 F.2d at 1362. Thus, we conclude the district court's denial of Davidson's *Batson* objection was clearly erroneous.

Having concluded that the defendants struck Jones in violation of *Batson,* we need not consider Davidson's challenges to the defendants' remaining strikes. We reverse and remand to the district court for a new trial.