Jesse HALL, Petitioner–Appellant,

v.

Paul K. DELO, Respondent–Appellee.

No. 94–1033.

United States Court of Appeals,
Eighth Circuit.

Submitted July 25, 1994.

Decided Dec. 7, 1994.

Curtis Blood, Collinsville, IL, argued, for appellant.

Stacy Anderson, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before BOWMAN, MAGILL, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Jesse Hall appeals the district court's judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hall contends that the district court erred in finding that claims 5, 6(b), 8(a), 9, and 10 of his petition are barred by procedural default. We affirm in part and reverse in part.

Hall was convicted of murder by a Missouri state-court jury and was sentenced to life imprisonment without the possibility of parole for 50 years. The Missouri Court of Appeals affirmed Hall's conviction. *See State v. Hall,* 716 S.W.2d 392 (Mo.Ct.App. 1986). Hall subsequently filed a motion for postconviction relief pursuant to Missouri Rule of Criminal Procedure 27.26 (repealed effective Jan. 1, 1988, *now see* Mo.R.Crim.P. 24.035 and 29.15). The motion court denied this motion following an evidentiary hearing, and the Missouri Court of Appeals affirmed. *See Hall v. State,* 764 S.W.2d 668 (Mo.Ct. App.1988). Hall filed two pro se motions to recall the mandate, both of which the Missouri Court of Appeals denied.

In 1992, Hall filed a pro se federal habeas corpus petition. Hall alleged in claim 5 that he was denied due process because the state trial court refused to instruct the jury on circumstantial evidence; he alleged in claim 6(b) that he was denied due process because the state jury was permitted to find him guilty if either he or his codefendant pulled the trigger, which he contended was inconsistent with his indictment; he alleged in claim 8(a) that he was denied the effective assistance of trial counsel because his attorney did not object to the prosecutor's closing argument; he alleged in claim 9 that he was denied due process by the prosecutor's closing argument; and he alleged in claim 10 that he was denied the effective assistance of counsel on direct appeal because his counsel failed to raise several points of trial-court error. Other claims raised in Hall's petition for habeas corpus are not relevant to this appeal.

In response to the order requiring the respondent to show cause why the writ should not issue, the respondent filed a copy of the legal file from the state criminal proceedings, which did not include Hall's two motions to recall the mandate because respondent had not been served copies of these motions. The respondent argued that the claims that are the subject of this appeal were not raised before the state court and are therefore procedurally barred. A magistrate judge to whom pretrial matters had been referred concluded that Hall's claims were procedurally barred and recommended that the district court deny Hall's petition.

Hall objected to the magistrate judge's report and recommendation and attempted to refer the district court to his motions to recall the mandate, but Hall attached only the first page of one of those motions, assuming that the district court had the complete legal file. The district court found that Hall failed to produce these documents and denied Hall's petition, reaching the same conclusion as the magistrate judge's report and recommendation. Hall appeals.

Hall, now represented by court-appointed counsel, contends that the state of Missouri misled the district court by failing to disclose that he filed two motions to recall the mandate in state court, and he seeks a remand to the district court with instructions either to grant the writ or to consider his claims on their merits. Initially, we note that Hall's contention that the state of Missouri attempted to intentionally mislead the district court about the existence of the motions to recall the mandate is without merit. The respondent cannot be expected to produce documents that it has not received.

Hall asks us to take judicial notice of his motions to recall the mandate and the respondent does not object to this request. We, therefore, take notice of these court documents, and we will consider whether the claims Hall raises in this appeal are procedurally barred in light of the motions to recall the mandate.

■ Federal habeas corpus review is barred when a federal claim has not been " 'fairly presented' " to the state court for a determination on the merits. *Jones v. Jerrison,* 20 F.3d 849, 854 (8th Cir.1994) (quoting

*Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982)) (other internal quotations and citation omitted). A federal claim has not been fairly presented to the state courts when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural law. *Id.* at 853. *See also Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640 (1992) (no federal habeas review of federal claim "decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment," i.e., when state prisoner failed to meet a state procedural requirement). When a state habeas petitioner has procedurally defaulted his claims, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750, 111 S.Ct. at 2565.

■ "In Missouri, a motion to recall the mandate is proper only when a state prisoner alleges that his appellate counsel was ineffective or argues that the appellate court's opinion directly conflicts with a decision of the United States Supreme Court." *Jones,* 20 F.3d at 856 (citing *State v. Thompson,* 659 S.W.2d 766, 769 (Mo.1983)). A motion to recall the mandate is not a means for presenting the merits of every constitutional claim that could have been raised on direct appeal or in a postconviction proceeding but was not. *See Kennedy v. Delo,* 959 F.2d 112, 115–16 (8th Cir.) (quoting *Williams v. Wyrick,* 763 F.2d 363, 365 (8th Cir.1985) (per curiam)), *cert. denied,* —— U.S. ——, 113 S.Ct. 168, 121 L.Ed.2d 116 (1992).

We have considered Hall's motions to recall the mandate to determine whether or not Hall "fairly presented" to the state court the claims he now asserts on appeal. Hall may have been attempting to present the substance of habeas claim 6(b) in the motion to recall the mandate when he challenged the forms of verdict used, but this is far from clear. We conclude that the motion to recall the mandate did not fairly present the same issue as Hall attempts to raise in claim 6(b) of his habeas petition.

■ Hall clearly attempted to raise in the motions to recall the mandate the issues he asserts in claims 5, 8(a), and 9 of his federal habeas petition. However, his attempts were unsuccessful because these claims cannot be brought for the first time in a motion to recall the mandate. The Missouri Court of Appeals denied both motions to recall the mandate without explanation but most likely because of Hall's failure to raise the claims earlier, which is a violation of a state procedural rule. *See Jones,* 20 F.3d at 856. Because these issues were improperly raised for the first time in the motions to recall the mandate, Hall did not fairly present them to the state court. Thus, these claims are procedurally barred from federal habeas review. We conclude that the district court did not err in concluding that claims 5, 6(b), 8(a), and 9 are procedurally defaulted and that Hall made no attempt to demonstrate cause and prejudice or a fundamental miscarriage of justice as required by *Coleman.* 501 U.S. at 750, 111 S.Ct. at 2565.

■ Hall also raised claim 10 for the first time in a motion to recall the mandate, but the Missouri Court of Appeals could not have denied this claim on the grounds of a procedural default. As noted above, claims of ineffective appellate counsel are properly brought for the first time in a motion to recall the mandate. *See Jones,* 20 F.3d at 856. *See also State v. Sumlin,* 820 S.W.2d 487, 489 (Mo.1991) (en banc) ("ineffective assistance of appellate counsel should be presented to the appellate court in the form of a motion to recall the mandate"). Therefore, claim 10 was fairly presented to the state court in the motion to recall the mandate, and it is not procedurally barred from federal habeas review. The district court erred in concluding otherwise.

We affirm the judgment of the district court denying claims 5, 6(b), 8(a), and 9 of Hall's § 2254 petition for habeas corpus, and we reverse and remand to the district court for consideration of the merits of claim 10.

Further, we grant Hall's motion to file a nonconforming addendum.