68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Arizona HALL, Appellant,
v.
William MAJOR, Sergeant; Jeffrey B. Conway, C-O; John Doe,
(Bielefeld) Appellees.
 No. 94-2062.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 17, 1995.
Decided Oct. 20, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arizona Hall, a Missouri inmate, appeals the district court's[1] entry of judgment on a jury verdict for defendants in his 42 U.S.C. Sec. 1983 excessive-force action. We affirm.
 
 
 2
 Viewed in a light favorable to the verdict, testimony at trial showed the following. After being placed on suicide watch, Hall refused to enter a strip cell, and began yelling and backing away from the cell. Defendants William Major, Jeffrey Conway, and John Bielefeld grabbed the struggling Hall and forced him into the cell, where Conway executed a leg strike to take Hall down to the floor. Hall continued to struggle on the floor while Major stripped him to his t-shirt. When Hall's left hand was uncuffed in order to pull the t-shirt off, he attempted to roll over and rise to his knees, and he swung backhanded at Conway with his free left hand. Conway struck Hall once on the left side of the head with his closed fist, and Hall stopped struggling. The officers finished removing Hall's t-shirt, carried him to the back wall of the cell, then exited the cell. On these facts, sufficient evidence existed from which the jury could find defendants did not violate Hall's Eighth Amendment rights. See Elliot v. Byers, 975 F.2d 1375, 1376 (8th Cir.1992) (per curiam) (standard of review).
 
 
 3
 The district court did not abuse its discretion in refusing to allow Hall to file a second amended complaint, because it would have injected extraneous issues into Hall's excessive-force action. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (standard of review), cert. denied, 114 S.Ct. 209 (1993). Nor did the court plainly err in threatening, outside the jury's presence, to dismiss Hall's suit after he refused to undergo cross-examination. See Mitchell v. Kirk, 20 F.3d 936, 937 (8th Cir.1994) (per curiam); Harris v. Steelweld Equip. Co., 869 F.2d 396, 401 (8th Cir.), cert. denied, 493 U.S. 817 (1989).
 
 
 4
 The district court did not clearly err in finding defendants articulated race-neutral reasons for their peremptory strikes. See Davidson v. Harris, 30 F.3d 963, 965 (8th Cir.1994) (standard of review). Defendants used or intended to use the same characteristics to strike both white and black venirepersons, and Hall did not show that any white jurors were similarly situated to black venirepersons who were struck. Cf. id. at 965-66 (plaintiff established pretext when whites on jury shared same characteristics as blacks who were struck).
 
 
 5
 No plain error prejudicing Hall's substantial rights resulted when the district court admitted evidence of Hall's conviction based on his plea under North Carolina v. Alford, 400 U.S. 25 (1970): the jury already knew Hall was incarcerated, and thus a convicted criminal. See Fleming v. Harris, 39 F.3d 905, 908 (8th Cir.1994) (plain-error standard).
 
 
 6
 The district court did not abuse its wide discretion in formulating the various jury instructions Hall challenges. See Brown v. Stites Concrete, Inc., 994 F.2d 553, 559 (8th Cir.1993) (en banc) (standard of review). First, the instruction on witness credibility was correct because most of the language was taken from an instruction approved in United States v. Grey Bear, 883 F.2d 1382, 1386 n. 4 & 1387-88 (8th Cir.1989), cert. denied, 493 U.S. 1047 (1990). Second, although the preponderance-of-the-evidence instruction was not an Eighth Circuit pattern instruction, the district court did not abuse its discretion in substituting a very similar instruction. Third, the verdict director on the excessive-force claim was taken from the Eighth Circuit pattern instructions and correctly stated the applicable law. See Manual of Modern Civil Jury Instructions for District Courts in the Eighth Circuit (Manual ) 4.30 (West 1995); Howard v. Barnett, 21 F.3d 868, 871-72 (8th Cir.1994). Because the verdict was for defendants, we need not consider Hall's challenge to the damages instructions.
 
 
 7
 We need not address Hall's argument, raised for the first time on appeal, that the suicide-watch regulations created a liberty interest. See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir.1995). As a civil plaintiff, Hall did not have a right to the effective assistance of counsel. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988). Finally, the district court did not clearly abuse its discretion in denying Hall's motion for a new trial. See Keenan v. Computer Assoc. Int'l, Inc., 13 F.3d 1266, 1268-69 (8th Cir.1994) (standard of review).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri