Carl TURNER, Petitioner–Appellant,

v.

Paul K. DELO, Respondent–Appellee.

No. 95–1231.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1995.

Decided Nov. 8, 1995.

Rehearing Denied Dec. 13, 1995.

Deborah Michelle Bird, St. Louis, Missouri, argued, for appellant.

Frank A. Jung, Jefferson City, Missouri, argued (Jeremiah W. (Jay) Nixon, Attorney General, for State of Missouri, on the brief), for appellee.

Before WOLLMAN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Carl Turner appeals the district court's[1] denial of his petition for a writ of habeas corpus. Turner argues that the district court should have granted his petition because the prosecutor improperly used one of his peremptory challenges to strike an African–American venire member on the basis of race and he received ineffective assistance of trial counsel. We affirm the order of the district court.

On July 21, 1988, Turner shot and killed Anthony Cotton. The State of Missouri charged Turner with first-degree murder. During his trial, Turner objected to the pros-

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

ecutor's use of a peremptory challenge to strike the only African–American member of the venire. The jury found Turner guilty of first-degree murder. The trial court sentenced Turner to life imprisonment without probation or parole.

After his trial, Turner appealed the jury's verdict to the Missouri Court of Appeals and sought state post-conviction relief in a state trial court. Turner asked the state trial court to overturn his conviction because his trial counsel gave him ineffective assistance. Without an evidentiary hearing, the state trial court denied Turner's request for post-conviction relief and Turner appealed this denial to the Missouri Court of Appeals. The Missouri Court of Appeals consolidated Turner's two appeals.

In his consolidated appeal, Turner did not raise his objection to the prosecutor's use of the peremptory challenge. However, Turner argued his ineffective assistance of trial counsel claim, and the court of appeals rejected it. The court rejected Turner's claim because he failed to allege enough facts in his request for state post-conviction relief to justify an evidentiary hearing on his claim.

On February 24, 1992, Turner filed a petition for a writ of habeas corpus in United States district court. The district court denied Turner's petition. Turner now appeals.

### I.

Turner argues that the district court should have granted his petition for a writ of habeas corpus because the prosecutor used a peremptory challenge to strike an African–American venire member based on the venire member's race in violation of the United States Constitution.

■ A state prisoner cannot successfully assert a claim in a federal habeas corpus proceeding if he failed to follow the state rules of procedure in presenting his claim to the state courts. *See, e.g., Teague v. Lane,* 489 U.S. 288, 297–99, 109 S.Ct. 1060, 1068–69, 103 L.Ed.2d 334 (1989). We can excuse a prisoner's procedural default if he can show cause for his default and prejudice resulting from that default. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d

594 (1977). When a prisoner cannot show cause and prejudice, we can still excuse his default if he can show that a fundamental miscarriage of justice would result from our not considering his claim. *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986).

■ Turner did not raise this claim in his appeal to the Missouri Court of Appeals. Turner's failure constitutes a procedural default under Missouri law which prevents us from reviewing his claim unless he shows an excuse for his default.

Turner has not argued that there is cause and prejudice to excuse his procedural default. Additionally, he has not argued that a fundamental miscarriage of justice would result if we did not review his claim. Thus, Turner's procedural default prevents us from considering his first claim.

### II.

■ Turner argues that the district court should have granted his petition because he received ineffective assistance of counsel when his counsel failed to call certain witnesses to testify at his trial.

The same procedural-default analysis we discussed above concerning Turner's first claim also applies to his second claim.

The Missouri Court of Appeals held that Turner failed to provide the facts required under Missouri law to entitle him to an evidentiary hearing on his ineffective assistance of trial counsel claim. *State v. Turner,* 810 S.W.2d 92, 94 (Mo.Ct.App.1991). Thus, Turner failed to comply with Missouri procedures for presenting his claim. This failure constitutes a procedural default which prevents us from reviewing Turner's claim unless he shows an excuse for his default.

Turner argues that the failure of the state court to grant him a hearing constitutes cause excusing his procedural default. It was Turner's failure to state enough facts to justify an evidentiary hearing which deprived him of a hearing. *Turner,* 810 S.W.2d at 94. To show cause excusing his procedural default, Turner must show that something beyond his and his attorney's control caused his

897

procedural default. *McCleskey v. Zant,* 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991) (quoting *Murray v. Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645). Lack of a hearing cannot constitute cause in this case because it was Turner's failure which deprived him of a hearing.

Turner has not shown the required cause to excuse his procedural default. Nor has he argued that a fundamental miscarriage of justice would result if we did not review his claim. Consequently, Turner's procedural default prevents us from considering his second claim.

We affirm the district court's denial of Turner's petition.