_____

No. 94-3669EM
_____

Ollie Williams,                        *
                                       *
            Appellant,                 *
                                       *   Appeal From the United States
      v.                               *   District Court for the Eastern
                                       *   District of Missouri.
Michael Groose,                        *
                                       *
            Appellee.                  *
_____

            Submitted:  November 15, 1995

                Filed:  February 26, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, and BRIGHT and FAGG, Circuit
      Judges.
_____

FAGG, Circuit Judge.


      Ollie Williams appeals the district court's dismissal of his
habeas petition following his Missouri state jury conviction for
burglary.  We affirm.


      Williams first asserts the State used peremptory challenges to
remove prospective black jurors from the venire panel based on
their race, in violation of Batson v. Kentucky, 476 U.S. 79 (1986).
After a defendant makes a prima facie showing of racial
discrimination in the Government's use of a peremptory challenge,
the Government must offer a race-neutral reason for the challenge.
Purkett v. Elem, 115 S. Ct. 1769, 1770 (1995).  When the
Government's stated reason is race neutral, that is, discriminatory
intent is not inherent in the reason, id. at 1771, the defendant
may attempt to show the facially valid reason is pretextual.
McKeel v. City of Pine Bluff, No. 95-1084, 1996 WL 5205, at *1 (8th

Cir. Jan. 8, 1996).  The trial court then decides whether the Government was motivated by discriminatory intent.  Elem, 115 S. Ct. at 1770-71.  We can reverse the trial court's decision only if "`not fairly supported by the record.'"  Id. at 1771 (quoting 28 U.S.C. § 2254(d)(8)).

After the prosecutor used peremptory challenges to remove prospective black jurors from the venire panel, Williams objected to their removal.  The prosecutor explained he removed jurors Lacy and Tillman because they are postal workers.  This reason is race neutral.  See id.  Williams did not argue the prosecutor's race-neutral reason was pretextual.  Thus, the record supports the district court's finding of no discrimination in the removal of Lacy and Tillman.  See McKeel, 1996 WL 5205, at *2.

The prosecutor explained he removed juror Butler because Butler's nephew "was arrested for assault [and found] not guilty after a trial," so Butler might sympathize with Williams.  In response, Williams argued the prosecutor failed to strike a similarly situated white juror, Brummet, whose daughter was convicted of manslaughter.  See Davidson v. Harris, 30 F.3d 963, 965 (8th Cir. 1994) (otherwise neutral explanation for removing black juror may be pretextual if stated reason also applies to white juror who is not removed), cert. denied, 115 S. Ct. 737 (1995).  Here, the prosecutor believed Butler might be sympathetic to Williams because his innocent nephew was wrongly accused.  This reasoning does not apply to Brummet's daughter, who was found guilty.  Thus, the record supports the district court's decision that racial discrimination did not motivate the prosecutor's removal of Butler.

Because Williams did not challenge the peremptory removal of prospective juror Jordan in his direct state court appeal, the Batson claim challenging Jordan's removal is procedurally defaulted.  Turner v. Delo, 69 F.3d 895, 896 (8th Cir. 1995).

-2-

Williams has not asserted cause or prejudice to excuse his default, or that a fundamental miscarriage of justice would occur if we do not review the claim. See id. Thus, we need not consider Williams's claim that Jordan's removal violated Batson. Id.

Williams next contends the trial court should have removed potential juror Rucker for cause because of Rucker's statement during voir dire that he would have to hear from both sides before deciding the case. According to Williams, Rucker's statement shows Rucker would be biased if Williams invoked his Fifth Amendment right not to incriminate himself at trial, so the trial court's failure to remove Rucker violated Williams's right to due process. Williams's due process contention is procedurally defaulted because Williams did not raise it in his direct state appeal. Williams asserts his state appellate attorney's failure to raise the claim amounted to ineffective assistance, and this is cause for his default. We cannot consider ineffective assistance as cause because Williams did not exhaust an independent ineffective assistance claim in the state courts, however. Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994), cert. denied, 116 S. Ct. 249 (1995). Contrary to his assertion, Williams was required to raise the claim in a motion to recall the mandate. Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994); Reuscher v. State, 887 S.W.2d 588, 591 (Mo. 1994) (en banc), cert. denied, 115 S. Ct. 1982 (1995).

Because Williams failed to exhaust his independent ineffective assistance claim in state court, the district court correctly declined to consider the claim's merits, and did not abuse its discretion in requiring Williams to choose between deleting the claim from his federal habeas petition, or having the petition dismissed without prejudice to permit exhaustion, see Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.) (per curiam), cert. denied, 114 S. Ct. 122 (1993); Nottlemann v. Welding, 861 F.2d 1087, 1088 (8th Cir. 1988) (per curiam). We reject Williams's view that the

-3-

district court was required to hold his habeas petition in abeyance during exhaustion.

Williams also asserts the prosecutor's remarks about the burden of proof and reasonable doubt during voir dire violated his due process rights. Even if the remarks constitute trial error warranting reversal under state law, the remarks did not deny Williams due process under the Constitution. Given the jury instructions correctly defining reasonable doubt, the prosecutor's remarks did not make Williams's entire trial fundamentally unfair. See Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

Williams's remaining contentions are procedurally defaulted. In his direct state court appeal, Williams did not raise his claims about the trial court's admission of his mug shots and the prosecutor's reference to his alias and comment on his failure to testify. Because Williams has not shown cause and prejudice or a miscarriage of justice to excuse his procedural defaults, we do not reach the merits of the defaulted contentions.

Accordingly, we affirm the denial of Williams's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-