**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES E. CAGLE,

     Petitioner-Appellant,

v.

RON CHAMPION; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents-Appellees.

No. 97-7052
(D.C. No. 96-CV-5-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

James E. Cagle appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. He contends the court erred in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissing his claims for failure to exhaust state remedies. We deny a certificate of probable cause and dismiss the appeal.[1]

In his petition before the district court, Cagle asserted (1) the trial court erred in failing to sever his trial from that of his codefendant; (2) his sentence was excessive; (3) he was denied the opportunity to present a defense; (4) there was insufficient evidence to support his conviction; and (5) the Court of Criminal Appeals erred in its rulings on his direct appeal issues. He conceded that Issue 5 had not been presented to the Oklahoma state courts. Respondents moved to dismiss for failure to exhaust state remedies. Cagle responded with a motion to dismiss respondents' motion to dismiss, which the district court construed as a motion to amend his petition to include only claims that had been exhausted. Cagle also filed a motion to consolidate with another habeas case, which the court construed as a motion to amend to include grounds for relief raised in the other case (which had been dismissed). The court granted the motions and gave Cagle twenty days to file an amended petition. Rather than amend his petition, Cagle

---

[1] Since Cagle filed his § 2254 petition on December 5, 1995, the Antiterrorism and Effective Death Penalty Act of 1996 does not apply. See Lindh v. Murphy, 117 S. Ct. 2059 (1997); United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Therefore, we construe Cagle's appeal as a request for a certificate of probable cause. See Hernandez v. Starbuck, 69 F.3d 1089. 1090 n.1 (10th Cir. 1995). A certificate of probable cause will be granted only if petitioner makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68 (10th Cir. 1994).

objected to the order, arguing the court lacked jurisdiction to order an amended petition to include grounds raised in the dismissed case which had been appealed to this court. Cagle still had not filed an amended petition nearly four months later and the court dismissed the case for failure to exhaust state court remedies.

Under the law applicable here, a federal court cannot consider the merits of a state prisoner's habeas petition until the prisoner has exhausted available state remedies.[2] In Rose v. Lundy, 455 U.S. 509 (1982), the Court held district courts must dismiss "mixed petitions" containing both exhausted and unexhausted claims, leaving petitioners with the choice of returning to state court to exhaust claims or amending their habeas petitions to present only exhausted claims to the federal courts.

The cases relied on by Cagle actually support the district court's decision. In Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996), the court held it was not error to require Williams to choose between deleting unexhausted claims or having his petition dismissed without prejudice to permit exhaustion. In Ross v. Petsock, 868 F.2d 639, 642 (3d Cir. 1989), the court held Ross should be given the opportunity to amend his petition to delete unexhausted claims and proceed

---

[2] Since the petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the amendment to 28 U.S.C. § 2254(b) which permits federal courts to deny on the merits claims that have not been exhausted in state court is inapplicable.

solely on his exhausted claims.  Here, the district court gave Cagle an opportunity to amend his petition to present only exhausted claims but he failed to do so. Consequently, dismissal was appropriate.

Cagle asserts in the alternative that the district court erred by dismissing his petition with prejudice so he could not pursue his unexhausted claims in state court.  Dismissal of a habeas petition for failure to exhaust state remedies is ordinarily without prejudice to enable petitioner to pursue those remedies. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997).  The district court did not specify that the dismissal was with prejudice and we construe it as a dismissal without prejudice.

Cagle's application for a certificate of probable cause is DENIED and this appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-