**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JAMES E. CAGLE,

   Petitioner-Appellant,

v.

RON CHAMPION; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

   Respondents-Appellees.

No. 97-7145
(D.C. No. 96-CV-12-S)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner James Cagle appeals from the district court's dismissal of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because Mr. Cagle's petition was a successive petition involving the same conviction that was the subject of another, already-pending petition in the district court, the district court correctly dismissed the second petition.

The present situation is complicated by the fact that Mr. Cagle initially filed two § 2254 petitions in the district court. The petition in this case, district court No. 96-012-S filed in the Northern District of Oklahoma on October 31, 1995, listed ten grounds for relief. The case was transferred to the Eastern District of Oklahoma where Mr. Cagle's other § 2254 petition, district court No. 96-005-S, had also been transferred and was pending. The petition in case No. 96-005-S arose from the same conviction and listed five different grounds for relief.

On August 23, 1996, the district court granted the state's motion to dismiss No. 96-012-S because petitioner was attacking the same conviction in case No. 96-005-S then pending before the court. On appeal of the dismissal of No. 96-012-S, this court remanded for more explanation from the district court justifying the dismissal. See Cagle v. Champion, No. 96-7109, 1997 WL 346038, at ** 1 (10th Cir. June 24, 1997). The order appealed from in this case is the

district court's supplemental order clarifying its original August 23, 1996 order of dismissal.

After the district court initially dismissed case No. 96-012-S, it turned to case No. 96-005-S. In the latter case, the state had moved to dismiss for failure to exhaust state remedies regarding one of the claims. The court construed petitioner's response as a motion to amend the petition to include only the exhausted claims. The court further construed petitioner's motion to consolidate the two cases (one of them now dismissed) as a motion to amend the petition in No. 96-005-S to include the claims presented in the dismissed case No. 96-012-S. The court then granted petitioner's two motions to amend the petition to include only exhausted claims and to add the claims from No. 96-012-S. The court directed petitioner to file an amended petition in No. 96-005-S.

Some four months later, when petitioner failed to file an amended complaint, the district court dismissed case No. 96-005-S as a mixed petition containing both exhausted and unexhausted claims. This court, in an unpublished order and judgment, see Cagle v. Champion, No. 97-7052, 1998 WL 39228, at **2 (10th Cir. Jan. 30, 1998), denied the application for a certificate of probable cause and dismissed the appeal.

In so far as petitioner appeals the initial dismissal of case No. 96-012-S, his position is without merit. Rule 2(c) of the Rules Governing Section 2254 Cases

in the United States District Courts requires that all of petitioner's grounds for relief must be set forth in one petition.     See also  Rule 9(b) (authorizing dismissal of a second petition where the assertion of new or different grounds for relief constitutes abuse of the writ).  Because petitioner already had a § 2254 petition pending before the district court involving the same conviction, it was appropriate for the district court to dismiss the second petition.

Petitioner was granted the opportunity to amend his complaint in No. 96-005-S to add the claims from the dismissed petition but failed to do so.  He cannot now complain that he did not have the opportunity to present his case before the district court.

Petitioner's application for a certificate of appealability  and for leave to proceed on appeal without prepayment of costs or fees are DENIED. This appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha<br>Circuit Judge

-4-