**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES E. CAGLE,

      Petitioner - Appellant,

v.

RANDY WORKMAN,

      Respondent - Appellee.

No. 02-7020
(D.C. No. 01-CV-433-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner - Appellant James E. Cagle, a state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his habeas petition pursuant to 28 U.S.C. § 2254. Because we find the petition to be time-barred, we deny a COA and dismiss the appeal.

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Cagle's conviction of conspiracy and first degree murder was affirmed by the Oklahoma Criminal Court of Appeals ("OCCA") on June 11, 1993. The deadline to seek a writ of certiorari from the United States Supreme Court expired ninety days later on September 9, 1993. Sup. Ct. R. 13. Mr. Cagle's application for state post-conviction relief was denied by the OCCA on April 8, 1994. The first federal habeas corpus petition was filed on October 31, 1995, dismissed by the district court on August 23, 1996, and his appeal of that dismissal was dismissed by the Tenth Circuit on September 22, 1998. Cagle v. Champion, No. 97-7145, 1998 WL 670209 (10th Cir. Sept. 22, 1998). The second federal petition was filed December 5, 1995, dismissed by the district court on March 19, 1997, and the appeal of that dismissal was dismissed by the Tenth Circuit on January 30, 1998. Cagle v. Champion, No. 97-7052, 1998 WL 39228 (10th Cir. Jan. 30, 1998). This third federal petition was filed on August 6, 2001 and was dismissed as time-barred by the district court.

28 U.S.C. § 2244(d)(1)(A) establishes a one-year statute of limitations that runs from the date the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. However, § 2244(d)(2) directs that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." The Supreme Court has held that Congress did not intend properly filed applications for federal habeas review to toll the § 2244(d) limitation period. Duncan v. Walker, 533 U.S. 167, 173 (2001). Mr. Cagle's judgment became final on September 9, 1993 and his state post-conviction petition was pending until April 8, 1994, which would result in a deadline of April 7, 1995. However, § 2244(d) did not take effect until April 24, 1996. The Tenth Circuit has established that petitioners with convictions that became final on or before April 24, 1996, must file their habeas petitions before April 24, 1997. Miller v. Marr, 141 F.3d 976 (10th Cir. 1998). Mr. Cagle's argument on appeal is that the one-year limitation period enacted in 1996 should not apply because he filed a prior federal habeas petition in 1995 before enactment of the one-year limitation period. The argument would be that the 2001 petition should "relate back" or "amend" the prior habeas petition. We have rejected just such an argument. Marsh v. Soares, 223 F.3d 1217, 1219-20 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001), The 1995 petition was dismissed for failure to exhaust, and this third habeas petition may not be viewed as part of the 1995 petition. Given that this petition was not filed until August 2001, we agree with the district court that the petition is time-barred.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge