# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1273

_____

Elijah W. Swope,              *
                               *
          Appellant,      *
                               *   Appeal from the United States
    v.                    *   District Court for the Eastern
                               *   District of Missouri.
Asim Razzaq, M.D.,      *
                               *      [PUBLISHED]
         Appellee.       *

_____

Submitted: October 10, 2005
Filed: November 17, 2005

_____

Before RILEY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Elijah W. Swope (Swope) moved for a new trial following his unsuccessful diversity medical malpractice action against his urologist, Dr. Asim Razzaq (Dr. Razzaq), arguing the district court[1] (1) clearly erred in denying his challenge under Batson v. Kentucky, 476 U.S. 79 (1986), and (2) abused its discretion in controlling closing arguments. The district court denied the motion. Swope appeals. We affirm the district court's denial of Swope's new trial motion.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

# I.    BACKGROUND

Swope, an African-American, brought a medical malpractice action against three doctors for damages he suffered during a radiation seed implantation to treat his prostate cancer. Swope dismissed one doctor, settled with the second, and went to trial against the third, Dr. Razzaq, a urologist. At the conclusion of voir dire, Dr. Razzaq's attorney peremptorily struck the only three African-Americans from the remaining thirteen person venire panel. Swope made a Batson challenge to the peremptory strikes. After hearing arguments, the district court denied Swope's Batson challenge and seated an all-white jury. At trial, to establish Dr. Razzaq's negligence, Swope called Dr. Louis Potters (Dr. Potters), a radiation oncologist. During closing argument, Dr. Razzaq argued that because he was a urologist, and because Swope's expert Dr. Potters was a radiologist, Dr. Potters could not render competent testimony on Dr. Razzaq's negligence. Swope did not object to this argument. In Swope's rebuttal, however, Dr. Razzaq objected to Swope's argument that the legal standard was "defendant's profession," not Dr. Razzaq's specialty. The district court sustained the objection, limiting Swope's argument. The jury returned a verdict in favor of Dr. Razzaq.

Swope appeals, arguing (1) the district court erred in overruling his Batson challenge by failing to engage in a proper analysis under the third step of the Batson burden-shifting test, and (2) the district court abused its discretion by allowing Dr. Razzaq to argue during closing that Swope failed to support his case by calling an expert radiation oncologist to establish the standard of care for the defendant urologist and by not allowing Swope to argue a physician in one specialty is competent to testify as to the standard of care of a physician in another specialty.

## II.   DISCUSSION

### A.   Batson Challenge

We review a district court's Batson ruling for clear error and with great deference.  United States v. Blaylock, 421 F.3d 758, 769 (8th Cir. 2005) (citations omitted).  A Batson challenge is evaluated under a three-step burden-shifting analysis:

> Under Batson, a party opposing a peremptory strike may make a prima facie case of discrimination by showing the circumstances support an inference that the exercise of the challenged peremptory strike was based on unlawful discrimination.  If the objecting party establishes a prima facie case, then the proponent of the peremptory strike must provide a nondiscriminatory explanation for the strike.  The district court then must determine whether there was purposeful discrimination.

Id. (citations omitted).  Under the third step, "[a] party can establish an otherwise neutral explanation is pretextual by showing that the characteristics of a stricken black panel member are shared by white panel members who were not stricken." Davidson v. Harris, 30 F.3d 963, 965 (8th Cir. 1994) (citations omitted).  "Pretext can also be based on a finding that the factors used to explain the strike are irrelevant to a person's ability to perform as a juror in the particular case."  United States v. Jenkins, 52 F.3d 743, 747 (8th Cir. 1995) (citing Elem v. Purkett, 25 F.3d 679, 683 (8th Cir. 1994)).

After the district court correctly found Swope made a prima facie showing Dr. Razzaq's peremptory strikes were unlawfully based on race, the court requested race-neutral explanations for the strikes from Dr. Razzaq.  Regarding the first juror struck, Dr. Razzaq's attorney claimed he struck the juror because the juror was a long-time casino employee, and a person working in that industry might have a "lotto mentality" and view a personal injury lawsuit as an opportunity to strike it rich.  Regarding the second juror struck, Dr. Razzaq's attorney claimed he struck the juror because the

juror was unemployed, he had been a plaintiff in a personal injury case, and his wife was a government employee, all of which could make the juror favor plaintiffs.  Dr. Razzaq's lawyer also claimed he failed to communicate well with the juror during voir dire.  Regarding the third juror struck, Dr. Razzaq's attorney claimed he struck the juror because she was a long-time government employee and demographically those persons tend to favor plaintiffs.

Swope attempted to rebut these race-neutral explanations, claiming they were irrelevant to the ability to be a juror in a medical negligence case and being unemployed, a former personal injury plaintiff, or a government employee does not make a juror more plaintiff-oriented.  Swope failed, however, to make the district court aware of any similarly situated jurors who had not been struck.[2]  The district court ruled Swope failed to prove any of the three jurors were struck based on purposeful discrimination.

Having thoroughly reviewed the record, we hold the district court did not clearly err in determining Swope failed to meet his burden of demonstrating purposeful discrimination.  While Dr. Razzaq's attorney peremptorily struck the only three African-Americans from the remaining thirteen person venire panel, leaving an all-white jury, that fact raises only the "debatability" of the striking party's motives, and the district court took this into account when making its ruling.  See Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).  Also, Swope is incorrect that the race-neutral reasons for a party's peremptory strike *must* be related to the particular case to be tried.  While relation to the case is relevant, we have never required such a showing.  Cf. United States v. Ali, 63 F.3d 710, 713 (8th Cir. 1995) ("In the present case, not

---

[2]Swope argues on appeal there were similarly situated white jurors left on the jury.  The issue on appeal, however, is whether the district court clearly erred in finding Swope failed to meet his burden of demonstrating purposeful discrimination.

only was the government's reason race-neutral, it was also related to the particular case to be tried."). The district court observed the communications between the attorneys and jurors, and evaluated the credibility of Dr. Razzaq's lawyer's race-neutral explanations. We defer to the court's reasoned findings, and accordingly, we find no clear error.

### B. Standard of Care for Medical Specialist

Swope also argues the district court abused its discretion by allowing Dr. Razzaq to argue during closing that Swope failed to support his case by calling an expert radiation oncologist to establish the standard of care for the defendant urologist and by not allowing Swope to argue a physician, regardless of specialty, is competent to testify as to the standard of care of another physician. See United States v. Macklin, 104 F.3d 1046, 1049 (8th Cir. 1997) (citation omitted) ("Trial courts are invested with broad discretion in controlling closing arguments, and we will reverse only if the trial court abused that discretion.").

Based on our review of the record and Missouri case law, we hold the district court did not abuse its discretion. Missouri cases hold the requisite standard of care imposed on a medical defendant in a medical malpractice case is "that degree of care, skill, and proficiency which is commonly exercised by the ordinarily skillful, careful, and prudent physician, *engaged in a similar practice* under the same or similar conditions." Yoos v. Jewish Hosp. of St. Louis, 645 S.W.2d 177, 183 (Mo. Ct. App. 1982) (emphasis added) (quoting Rauschelbach v. Benincasa, 372 S.W.2d 120, 124 (Mo. 1963)); see also Hart v. Steele, 416 S.W.2d 927, 931-32 (Mo. 1967); Steele v. Woods, 327 S.W.2d 187, 196 n.11 (Mo. 1959) (collecting authorities). It therefore was not an abuse of discretion for the district court (1) to allow Dr. Razzaq to argue to the jury an expert urologist, not an expert radiation oncologist, should determine the standard of care for a urologist, and (2) to prohibit Swope from arguing Dr. Razzaq's specialty was irrelevant and the real test was for the defendant's profession in general. Accordingly, we affirm.

-5-

## III.    CONCLUSION

Based on our review of the record, we affirm the district court's denial of Swope's motion for new trial.[3]

—————————————————

[3]The parties' pending motions are moot and are denied.